IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JEFFREY ALLEN PENNINGTON,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-19 (MTT) |
| **STATE OF GEORGIA,** *et al.*, | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on pro se Plaintiff Jeffrey Allen Pennington's motion to proceed in forma pauperis (Doc. 3). Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in a financial affidavit satisfy the requirement of poverty. *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* Based on the Plaintiff's application, it is apparent he is unable to pay court fees and costs because of his poverty. Therefore, the Plaintiff's motion to proceed in forma pauperis is **GRANTED**.

Because the Plaintiff is proceeding in forma pauperis, the Court is required to dismiss the case if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The complaint alleges a claim of trespass to the Plaintiff's property and liberty against the Defendants. The Plaintiff requests that

several criminal cases and warrants be dismissed and requests $720,000.00 in damages.

The complaint provides no factual allegations substantiating the Plaintiff's claims and thus fails to state a claim on which relief may be granted.  Further, the Eleventh Amendment bars the Plaintiff's claims against the State of Georgia.[1]  Consequently, the complaint (Doc. 1) is **DISMISSED without prejudice**.

**SO ORDERED**, this the 24th day of January, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Eleventh Amendment also bars the Plaintiff's claims against Twiggs County Sheriff's Office if it was acting as an "arm of the state" when performing the function for which it is being sued.  *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003).  It is not possible to determine what exactly that function is from the sparse nature of the complaint.